# EXHIBIT B

Case No. 07-22878PM
United States Bankruptcy Court, D. Maryland, at Greenbelt

# In re Sussex Title, LLC

Decided Jul 24, 2008

Case No. 07-22878PM.

July 24, 2008

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge

This case comes before the court on the Emergency Motion filed by Scott C. Borison to enjoin the unauthorized and improper assertion of alleged claims of the estate. The matter came before the court for hearing on July 17, 2008. Attorney Borison points out that the filing of a complaint in the Circuit Court for Montgomery County, Maryland, entitled *Sussex Title, LLC, et al. vs. Scott C. Borison, et al.,* Case No. 296974-V, by Erwin R.E. Jansen, Esquire, on behalf of the Chapter 7 Debtor, Sussex Title, LLC, that consists of two counts of defamation, one count of injurious falsehood and one count of negligence, was done unlawfully. At all pertinent times, including the date of the hearing, attorney Jansen did not represent Sussex Title, LLC.

Section 704(1) of the Bankruptcy Code grants to the Chapter 7 Trustee the exclusive right to assert the Debtor's claims. *In re Cannon,* 277 F.3d 838, 852 (CA6 2002). Once a Chapter 7 petition has been filed, the Chapter 7 Trustee holds the exclusive right to pursue a debtor's causes of action. *Cable v. Ivy Tech State College,* 200 F.3d 467, 472 (CA7 1999). *In re Enyedi,* 371 B.R. 327, 332 (BC N.D. Ill. 2007). The actions of attorney Jansen in filing this action naming Sussex Title, LLC, as plaintiff were unauthorized and can best be described as nothing less than interloping. To excuse this inappropriate conduct, attorney Jansen stated that he was in contact with the Chapter 7 Trustee with regard to purchasing the estate's defamation claim. He stated that he filed the complaint before purchasing the claim because he did not want the claim to barred by the one-year statute of limitations for defamation actions found at MD. CODE ANN., CTS. JUD. PROC. § 5-105 (2006). He did not consider the effect that § 108(b) of the Bankruptcy Code has in this situation.

The Chapter 7 Trustee, Steven H. Greenfeld, testified and filed an affidavit verifying that he never gave his consent to the filing of the Montgomery County Circuit Court action, although there had been discussions about purchasing the estate's rights. In summary, attorney Jansen had no right to bring the Montgomery County Circuit Court action in the name of Sussex Title, LLC.

What then is the relief that is to be granted attorney Borison? He seeks a temporary restraining order and permanent injunction against attorney Jansen "prohibiting him from asserting or pursuing any claims on behalf of the debtor in any court." Unfortunately for attorney Borison, under FED. R. BANKR. P. 7001(7), an adversary proceeding is required to prosecute an action to obtain an injunction or other equitable relief.

### Rule 7001. Scope of Rules of Part VII

> An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

> \* \* \* \* \*

 casetext

1

Case 19-50897-KG    Doc 17-2    Filed 01/17/20    Page 3 of 3

In re Sussex Title, LLC   Case No. 07-22878PM (Bankr. D. Md. Jul. 24, 2008)

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief[.]

This action was pursued by way of a contested matter. Because of the form in which this dispute comes before the court, the court is unable to grant the relief at this time.

Further, just as attorney Jansen lacked the authority to file the Montgomery County Circuit Court action, attorney Borison appears to lack standing to file an injunction action, as he has not been authorized by the Chapter 7 Trustee to do so nor does he appear to have any derivative rights as a creditor of the Debtor.[1]

pending before Judge Titus. The action is described as involving the single largest mortgage scam in Mid-Atlantic history. Sussex Title, LLC, is also a defendant in a case filed by the District of Columbia in the Superior Court of the District of Columbia, Case No. 06023-07, a complaint for injunctive, declaratory and other equitable relief, restitution and civil penalties. That complaint speaks of a nefarious scheme to strip equity from homeowners.

The court notes that nothing prevents the Montgomery County Circuit Court from taking such action as it deems appropriate with respect to the filing of a complaint on behalf of a plaintiff whom attorney Jansen does not represent.

An appropriate order will be entered.

---

[1] Attorney Borison filed a class action in the United States District Court for the District of Maryland against Sussex Title, LLC, and others, Civil Case No. 07-1957, now

*1

 casetext