# EXHIBIT D

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TSC GLOBAL, LLC, | ) Case No. 12-10505 (KG) |
| | ) |
| Debtor. | ) |
| _____ | ) |
| TRENA WATSON, on behalf of herself | ) |
| and all others similarly situated, | ) Adv. Proc. No. 12-50119 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TSC Global, LLC *a/k/a* MONOMOY | ) |
| HOLDINGS III, LLC, BARJAN, LLC, | ) |
| BARJAN INTERNATIONAL LIMITED, | ) |
| And TSC PARTNERS, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) **Re Dkt. Nos. 10** |

**MEMORANDUM ORDER DENYING THE MOTION
OF THE TRUSTEE FOR ENTRY OF AN ORDER DISMISSING THE
PLAINTIFF'S WARN ACT CLAIMS WITH PREJUDICE PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE § 12(b)(6)
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7001**

The Court has before it the Motion of Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") for the estates of TSC Global, LLC *et al.* ("TSC Global" or "Defendants") to Dismiss under Federal Rule of Civil Procedure[1] 12(b)(6) and Federal Rule of Bankruptcy Procedure[2] 7001,[3] the Class Action Adversary Proceeding Complaint filed by Trena Watson ("Plaintiff") alleging that

---

[1] ("Fed. R. Civ. P," or "Rule").

[2] ("Fed. R. Bankr. P.," or "Bankruptcy Rule").

[3] (D.I. 10) (the "Motion," or "Motion to Dismiss").

Defendants violated 29 U.S.C. § 2102(a), the Worker Adjustment Retraining and Notification Act (the "WARN Act"), and seeking on behalf of herself and all others similarly situated an allowed claim in an amount equal to sixty (60) days' wages and benefits for each affected employee.[4] Defendants also ask the Court to close the above-captioned adversary proceeding (the "Adversary Proceeding"). Upon review of the parties' submissions, the Court ORDERS that the Motion to Dismiss is DENIED.

## JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court's powers to enter an order on a motion to dismiss extend even if the matter is non-core, or the Court lacks authority to enter a final order. *In re Tri-Valley Corp. (Luna & Gushon v. Tri-Valley Corp.)*, Adv. Proc. No. 12–50989 (MFW), 2013 WL 1910287, *1 (Bankr. D. Del. May 1, 2013). *See also O'Toole v. McTaggart (In re Trinsum Grp., Inc.)*, 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012) ("After Stern v. Marshall, the ability of bankruptcy judges to enter interlocutory orders in . . . proceedings has been reaffirmed . . ."); *Boyd v. Kind Par, LLC*, Case No. 11–CV–1106, 2011 WL 5509873, *1, at *2 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions.").

## BACKGROUND

On February 13, 2012, TSC Global filed voluntary petitions under chapter 11 of the bankruptcy code (the "Petition Date"). On February 29, 2012, Plaintiff served a Complaint

---

[4] (D.I. 1) (the "Complaint").

alleging that Defendants violated the WARN Act[5] and seeking, on behalf of herself and all others similarly situated, an allowed claim in an amount equal to sixty days' wages and benefits for each affected employee.

Specifically, the Complaint alleges that the Plaintiff and class members were employees of the Defendants who terminated their positions during the period from about November 15, 2011 to January 23, 2012 pursuant to mass layoffs or plant closings, without having been given the sixty days' advance written notice required under the WARN Act. *See* Complaint at ¶16. The Complaint further alleges, "Defendants failed to pay the Plaintiffs . . . their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations." *Id.* at ¶38. The Complaint seeks allowance of priority claims pursuant to 11 U.S.C. §507(a)(4)-(5) for each Plaintiff up to the statutory limit, and general unsecured claims for each Plaintiff for the balance of any claims that each may possess. *Id.* at ¶39.

On May 8, 2012, the Court entered an order converting TSC Global's chapter 11 cases to cases under chapter 7. On or about May 9, 2012, the Office of the United States Trustee appointed the Trustee. Defendants have no operations, and have minimal or no assets. On October 22, 2012, Defendants filed the Motion to Dismiss pursuant to Rule 12(b)(6), applicable to this Adversary Proceeding pursuant to Bankruptcy Rule. 7012, and Bankruptcy Rule 7001, requesting that the Court enter an order dismissing with prejudice Plaintiff's Complaint on the ground that it fails to

---

[5]   The WARN Act, 29 U.S.C. §§ 2101-2109, provides, with exceptions, that employers with more than 100 employees must provide sixty calendar days' advance notice of a plant closing or mass layoffs.

state a claim upon which relief can be granted.

Defendants allege that Plaintiff's WARN Act claims assert purely pre-petition claims for monetary damages, which fall outside the exclusive list of categories of the types of actions that can be brought as adversary proceedings under Bankruptcy Rule 7001.  Plaintiff responds, however, that WARN Act claims are equitable in nature, and thus come within Bankruptcy Rule 7001(7).  For the reasons set forth below, the Court finds that the Plaintiff's WARN Act claims sound in equity, and hence, the Complaint is sufficient to withstand a motion to dismiss under Rule 12(b)(6) as made applicable by Bankruptcy Rule 7012(b)(6).

## DISCUSSION

### Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion, a claim must meet the standards of pleading, which have shifted under the Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) from notice pleading to a heightened standard of pleading. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). *In re Tri-Valley Corp.*, 2013 WL 1910287 *2.  This heightened pleading requirement applies to all civil suits in federal courts. *Id.*

To survive a motion to dismiss under the new pleading standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] pleading offering only labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Fowler*,

578 F.3d at 210 (quoting *Twombly*, 550 U.S. at 555). "Courts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000). A court must "draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Id.*

Determining whether a complaint is "facially plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.*

Courts must conduct a two-part analysis. *Fowler*, 578 F.3d at 210. "First, the factual and legal elements of a claim should be separated," with the reviewing court accepting "all of the complaint's well-pleaded facts as true, but ... disregard[ing] any legal conclusions." *Id.* at 210–11. Next, the reviewing court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.*

### Bankruptcy Rule 7001 and Claims Under the WARN Act

The Federal Rules of Bankruptcy Procedure divide disputes into two categories: (1) adversary proceedings, and (2) contested matters. The Bankruptcy Rules classify only ten types of disputes as adversary proceedings, set forth in Bankruptcy Rule 7001. This rule provides that an adversary proceeding is the proper dispute resolution format in bankruptcy with respect to:

> "(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

5

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);
(3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;
(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§ 727(a)(8), (a)(9), or 1328(f);
(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;
(6) a proceeding to determine the dischargeability of a debt;
(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;
(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;
(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or
(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452."

Fed. R. Bankr. P. 7001. Where a dispute fits into one of these ten categories, an adversary proceeding is both the appropriate and preferred manner to proceed.

Defendants' sole argument for the Complaint's dismissal is that it seeks pre-petition monetary relief for Plaintiff and the class under the WARN Act, and such actions cannot be brought as adversary proceedings under Bankruptcy Rule 7001. *See, e.g.*, *The DBL Liquidating Trust v. P.T. Tirtamas Majutama (In re The Drexel Burnham Lambert Group, Inc.)*, 148 B.R. 993, 998 (S.D.N.Y. 1992) ("Bankruptcy Rule 7001 sets out . . . specific categories of controversies that can and should be commenced as adversary proceedings. A claim for [money] damages arising from pre-petition conduct is not one of those categories."). Therefore, the Court decided that the Plaintiff did not state a claim under which relief could be granted.

In defending against the Motion to Dismiss, Plaintiff contends that claims for relief under the WARN Act are not purely monetary. Rather, they seek equitable relief. Thus, Plaintiff's

WARN Act claims are suitable under Bankruptcy Rule 7001(7), which sets forth that pre-petition adversary proceedings may be brought for "other equitable relief." Fed. R. Bankr. P. 7001(7).

The Court concludes that WARN Act claims seek equitable relief, and in doing so relies upon the well-reasoned opinion of Judge Martin Glenn in *In re Dewey & Leboeuf LLP (Conn v. Dewey & Leboeuf LLP)*, 487 B.R. 169, 176 (Bankr. S.D.N.Y. 2013). Judge Glenn found "[s]uccessful WARN Act plaintiffs recover back pay as equitable restitutionary relief as opposed to damages—WARN Act plaintiffs are not seeking 'compensation for the damages flowing from their discharge, but a reimbursement of those salaries and benefits, calculated on a per diem basis, which were due to them on the date they were laid off.'" *In re Dewey & LeBoeuf LLP*, 487 B.R. at 176-77 (quoting *Burgio v. Protected Vehicles, Inc. (In re Protected Vehicles, Inc.)*, 392 B.R. 633, 638 (Bankr. D. S.C. 2008). *See also Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 843 (6th Cir. 2011) (recognizing that WARN Act plaintiffs seek "wrongfully withheld funds—here back pay and benefits that should have been paid"); *Schwartz v. Gregori*, 45 F.3d 1017, 1022–23 (6th Cir. 1995) (finding back pay awarded for retaliatory discharge in violation of ERISA constituted restitution and was, therefore, an equitable remedy available under ERISA).

The issue Defendants raise, namely, bringing WARN Act claims as an adversary proceeding. The Court is persuaded that WARN Act claims seek equitable relief because "the court retains the discretion to reduce the amount of the relief awarded based on a showing of good faith by the defendant." *In re Dewey & LeBoeuf LLP*, 487 B.R. at 177. *See also In re Protected Vehicles, Inc.*, 392 B.R. at 636–37 (noting that class actions have their roots grounded firmly in equity); *Bledsoe*, 635 F.3d at 844 ("the WARN Act places the entire amount of the liability in the district court's discretion. This reinforces our view that the WARN Act remedies at issue are

equitable in nature"); *cf. Albemarle Paper Co. v. Moody*, 422 U.S. 405, 443, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) (Rehnquist, J., concurring) ("To the extent, then, that the District Court retains substantial discretion as to whether or not to award backpay notwithstanding a finding of unlawful discrimination, the nature of the jurisdiction which the court exercises is equitable . . .".).

Moreover, WARN Act plaintiffs do not seek purely monetary damages, but rather seek equitable restitutionary relief. The relief Plaintiff seeks for herself and the class is not only monetary, but is instead "a reimbursement of those salaries and benefits, calculated on a per diem basis, which were due to them on the date they were laid off." *In re Dewey & LeBoeuf LLP*, 487 B.R. at 176 (quoting *In re Protected Vehicles, Inc.*, 392 B.R. at 638 (holding that an adversary proceeding is proper under Rule 7001(7) because WARN Act claims are equitable in nature)).

The cases Defendants cite for the proposition that WARN Act claims are pre-petition, monetary actions and involve contract damages and other types of damages grounded in law that do not impact Plaintiff's ability to proceed in equity. *See Drexel Burnham Lambert Grp.*, 148 B.R. 993 (S.D.N.Y. 1992) (contract claim damages from a breach of a letter agreement); *In re Ephedra Prods. Liabl. Litig.*, 329 B.R. 1 (Bankr. S.D.N.Y. 2005) (class action on behalf of purchasers of herbal dietary supplements seeking compensatory and punitive damages); *Aegis Mortgage Corp.*, Adv. Proc. No. 08–50237, 2008 WL 2150120 (Bankr. D. Del. May 22, 2008) (mortgage contract dispute); *Lernout & Hauspie Speech Products, N.V. v . Baker*, 264 B.R. 336 (Bankr. D. Del. 2001) (dispute arising out of merger agreement between parent-subsidiary).

Based upon the Court's finding that Plaintiff's WARN Act claims are equitable in nature, it denies Defendants' Motion to Dismiss, and Plaintiff's Complaint may proceed under this Adversary Proceeding pursuant to Bankruptcy Rule 7001(7).

8

## CONCLUSION

For all of the foregoing reasons it IS ORDERED THAT the Court denies the Motion to Dismiss, and will not close this Adversary Proceeding.

Dated: June 26, 2013

KEVIN GROSS, U.S.B.J.