**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC., et al., | ) | |
| | ) | Case No. 19-12122 (MFW) |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| ALLIED DEVELOPMENT OF ALABAMA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FOREVER 21, INC., et al., and | ) | Adv. No. 19-50897 |
| JATIN MALHOTRA | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is a Motion to Dismiss filed by Forever 21,

Inc., et al. (the "Debtors") and joined by Jatin Malhotra

(collectively, the "Defendants") for failure to state a claim

upon which relief can be granted.  Allied Development of Alabama,

LLC ("Allied") opposes the Motion.  For the reasons stated below,

the Motion will be denied.

_____

[1]    The Court is not required to state findings of fact or
conclusions of law pursuant to Rule 7052 of the Federal Rules of
Bankruptcy Procedure.  Instead, the facts averred in the
Complaint must be accepted as true for purposes of this Motion to
Dismiss.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

I.  <u>FACTUAL BACKGROUND</u>

Allied is the owner of a retail center in Alabama.  Between October 2017 and March 2018, Allied and the Debtors' Vice President of Real Estate, Jatin Malhotra, negotiated the terms of a lease for a store at the center.  During these negotiations, the Debtors sought several concessions from Allied, including an agreement to reimburse the Debtors for making improvements to the premises.  Before responding to the Debtors' request for reimbursement, Allied asked for the Debtors' sales projections for the store.  Mr. Malhotra represented to Allied's manager, David Mott, that the Debtors had a comparable store in Mobile, Alabama, which had annual sales in 2017 of $6 million and that the Debtors projected at least the same amount of sales at the store in Allied's retail center ("the Eastern Shore Store").

Based on these representations, Allied contends that it abandoned a tentative agreement with another prospective tenant and entered into the Lease Agreement with the Debtors for the Eastern Shore Store in March 2018.  Rent under the lease was dependent on the Debtors' gross sales at the Eastern Shore Store. Consistent with the parties' negotiations and the rider to the Lease Agreement, Allied reimbursed the Debtors more than $2 million for improvements to the leased premises.

After the parties entered into the Lease Agreement, Mr. Malhotra provided revised projections showing that the Eastern Shore Store would generate $7 million in annual sales.  During the period that the Eastern Shore Store was open for business, however, the store significantly underperformed the Debtors' projections, generating only $1.6 million in gross sales between October 2018 and September 30, 2019.  In addition, after entering into the Lease Agreement with the Debtors, Allied discovered that the Debtors' Mobile Store had generated only $2 million in gross sales during 2017, not $6 million as Mr. Malhotra had claimed.

II.  <u>PROCEDURAL BACKGROUND</u>

On September 29, 2019, the Debtors filed voluntary petitions for relief under chapter 11.  The Debtors advised Allied that they intended to sell or reject the Lease Agreement because of the Eastern Shore Store's poor performance.

On November 22, 2019, Allied commenced this adversary proceeding against the Defendants.  Counts I and II plead claims for damages against the Debtors and Mr. Malhotra for fraudulent inducement and negligent misrepresentation, respectively.  Count III also alleges fraudulent inducement but requests rescission of

the Lease Agreement as the remedy.[2]  Count IV pleads an unjust

enrichment claim against the Debtors for the improvement costs

incurred by Allied.  Count V seeks a declaratory judgment stating

that: 1) Mr. Malhotra has indemnification rights owed to him from

the Debtors, 2) the Debtors' liabilities stemming from this

proceeding are covered by the Debtors' insurance policies, and 3)

the proceeds of the relevant insurance policies are not property

of the Debtors' estates.

On December 26, 2019, the Debtors filed the Motion to

Dismiss for failure to state a claim.  On January 17, 2020,

Allied filed its Brief in Response, and on January 31, 2020, the

Debtors filed their Reply Brief.  Mr. Malhotra joined the

Debtors' Motion and briefs.  The matter is now ripe for decision.


III. <u>JURISDICTION</u>

This Court has jurisdiction over this adversary proceeding.

28 U.S.C. §§ 1334(b) and 157(b) & (c).  Allied asserts that some

of its claims are non-core, and Allied does not consent to the

---

[2]    The heading of Count III states that the cause of action is
rescission, but under Alabama contract law, rescission is not a
cause of action.  It is a potential remedy for fraudulent
inducement and negligent misrepresentation.  <u>See, e.g.,</u> <u>Hillcrest</u>
<u>Ctr., Inc. v. Rone</u>, 711 So. 2d 901, 907 (Ala. 1997), <u>as modified</u>
<u>on denial of reh'g</u> (Nov. 14, 1997) (characterizing rescission as
one available remedy for fraudulent inducement).

4

entry of final orders for its non-core claims but reserves the right to provide consent at a later date.[3]  The Defendants consent to the entry of a final order in connection with this Motion.[4]

Even without consent of all parties, however, the Court has the power to enter an order on a motion to dismiss even if the matter is non-core and it has no authority to enter a final order on the merits.  See, e.g., Welded Constr., L.P. v Prime NDT Servs., Inc. (In re Welded Constr., L.P.), 605 B.R. 35, 37 (Bankr. D. Del. 2019); Burtch v. Owlstone, Inc. (In re Advance Nanotech, Inc.), Adv. Proc. No. 13-51215, 2014 WL 1320145, at *2 (Bankr. D. Del. Apr. 2, 2014); O'Toole v. McTaggart (In re Trinsum Grp., Inc.), 467 B.R. 734, 739-40 (Bankr. S.D.N.Y. 2012)).


IV.  LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6), as incorporated by Bankruptcy Rule 7012, tests the factual sufficiency of a plaintiff's complaint.  Bell Atl. Corp. v.

---

[3]    Allied also "demands and explicitly reserves its right to jury trial with respect to all claims triable."  Adv. D.I. 1 at ¶ 6.

[4]    D.I. 4 at n.3.  Because he joined the Debtors' Motion, Mr. Malhotra has also consented.

Twombley, 550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must "contain sufficient factual content, accepted as true, to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombley, 550 U.S. at 555).

A claim is plausible on its face if it contains "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a claim."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

In considering a motion to dismiss, the allegations in the complaint must be construed "in the light most favorable to the plaintiff."  Iqbal, 556 U.S. at 678; Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011).  Determining whether a complaint states a plausible claim is a context-specific analysis that is informed by the court's "judicial experience and common sense."  Iqbal, 556 U.S. at 679.

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  Neitzke v. Williams, 490 U.S. 319, 326 (1989).

V.    <u>DISCUSSION</u>

The Debtors raise two legal issues that they say warrant dismissal of the Complaint: (1) the claims Allied asserts in the adversary proceeding are all pre-petition claims for damages that are more properly brought in the claims reconciliation process, and (2) Allied is violating the automatic stay by seeking to recover its pre-petition claims. Even if the complaint should not be dismissed, the Debtors contend that it should be stayed under section 105 because it is disruptive to the bankruptcy case.

Allied responds that its claims are properly brought, because they fit within the definitions in Rule 7001 of what actions must be brought as adversary proceedings. Specifically, Allied notes that its complaint includes equitable claims and claims against a non-debtor. Further, Allied notes that the majority of courts conclude that there is no violation of the stay when an action is brought as an adversary proceeding in a debtor's bankruptcy case. Finally, Allied argues that the Debtors have not established cause for the issuance of a stay under section 105.

A.    <u>Rule 7001</u>

The Debtors argue that the complaint should be dismissed because it is procedurally improper under Bankruptcy Rule 7001.

The Debtors assert that Rule 7001 does not permit the filing of an adversary proceeding merely to recover a pre-petition claim.

According to the Debtors, Allied's causes of action, including its actions requesting equitable relief, all seek to recover money damages for a pre-petition claim.  In essence, Allied is simply seeking to recover the $2 million in lease improvements that it agreed to pay allegedly because of the Debtors' fraudulent misrepresentations about anticipated sales at the Eastern Shore Store.  Because Allied has an adequate remedy at law, the Debtors assert it cannot assert an equitable claim, which is its only basis for filing an adversary proceeding. Instead, the Debtors contend that Allied must pursue its claims through the claims reconciliation process.

Allied responds that the claims in its complaint all fit within the definitions in Rule 7001 of the types of proceedings that must be brought by adversary proceeding.  Specifically, Allied argues that it is asserting claims to recover money, claims to determine interests in property, claims for equitable relief, and claims for a declaratory judgment.  Fed. R. Bankr. P. 7001(1), (2), (7) & (9).  Thus, Allied asserts that its adversary proceeding against the Debtors is the only procedurally viable method it has to obtain the relief it seeks.  See, e.g., In re WorldCorp, Inc., 252 B.R. 890, 895 (Bankr. D. Del. 2000) ("Rule

7001 designates ten types of actions which must be brought as adversary proceedings in bankruptcy cases.").

### 1.   Counts I and II Claims for Damages

In Counts I and II, Allied asserts claims for monetary damages against the Debtors and Mr. Malhotra for fraud in the inducement and negligent misrepresentation.

The Debtors argue that many courts conclude that Rule 7001 does not permit a creditor to commence an adversary proceeding seeking money damages for pre-petition conduct; instead, the creditor must file a proof of claim. See, e.g., Toscano v. The RSH Liquidating Trust (In re RS Legacy Corp.), Adv. Proc. No. 16-51033, 2017 WL 3837294, at *2 (Bankr. D. Del. Aug. 31, 2017) ("because Plaintiff seeks monetary damages from the funds in the estate, the procedurally proper route must commence through the claims administrative process"); Evergreen Solar, Inc. v. Barclays PLC (In re Lehman Bros. Holdings, Inc.), Adv. Proc. No. 08-01633, 2011 WL 722582, at *7-8 (Bankr. S.D.N.Y. 2011) (dismissing adversary proceeding asserting pre-petition claim for breach of contract because the claim should have been asserted through the claims allowance process); Scott v. Aegis Mortg. Corp. (In re Aegis Mortg. Corp.), Adv. Proc. No. 08-50237, 2008 WL 2150120, at *6 (Bankr. D. Del. May 22, 2008) (holding that an adversary proceeding for damages arising from pre-petition

9

conduct was improper because the proceeding did not fall within any of the ten categories of Rule 7001); <u>DBL Liquidating Trust v. P.T. Tirtamas  Majutama (In re Drexel Burnham Lambert Grp., Inc.)</u>, 148 B.R. 993, 998 (Bankr. S.D.N.Y. 1992) (finding pre-petition contract damages claim for breach of a letter agreement was not subject to res judicata because it could not have been brought in prior adversary proceeding that was dismissed).

Those courts conclude that claims for damages against a debtor arising from pre-petition conduct cannot be brought by an adversary proceeding because they are not included in the ten categories of adversary proceedings listed in Rule 7001.  <u>Aegis</u>, 2008 WL 2150120, at *6; <u>Drexel Burnham</u>, 148 B.R. at 998 (citing <u>Dade Cnty School Dist. v. Johns-Manville Corp. (In re Johns-Manville Corp.)</u>, 53 B.R. 346, 352-55 (Bankr. S.D.N.Y. 1985)).  Rather, they conclude that creditors should resolve pre-petition money damages claims through the claims reconciliation process by filing proofs of claims.

The Court disagrees with the suggestion that there is a per se rule against resolving a pre-petition claim for damages in the adversary process.  Nothing in the express language of Rule 7001 prohibits it; instead, Rule 7001 simply lists claims that must be prosecuted as adversary proceedings.  In fact, there are several instances where pre-petition claims are adjudicated in adversary

proceedings.  While the Comment to Rule 7001 does note that proofs of claim and objections thereto are governed by the claims allowance process in Rules 3001 et seq., it also states that when an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it <u>must</u> be brought as an adversary proceeding.  See Fed. R. Bankr. P. 3001, comment; Fed. R. Bankr. P. 3007(b) ("A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding.").

Further, Rule 7001(10) provides that actions which are removed from other courts are adversary proceedings.[5]  Removed actions typically assert pre-petition claims against the debtor. Nonetheless, they are resolved in the adversary proceeding, not in the claims resolution process.

Even if Rule 7001 were read to require that an action fit into one of the categories in order to warrant an adversary proceeding, Allied argues that the claims in Counts I and II fit within Rule 7001(1) as "a proceeding to recover money or

---

[5]    Rule 7001(10) states that "a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452" constitutes an adversary proceeding.  Fed. R. Bankr. P. 7001(10).

property."[6]  The claims against Mr. Malhotra, who is not a debtor
in this case, cannot be asserted by the filing of a proof of
claim in this bankruptcy case and properly fit within Rule
7001(1).  While the Debtors contend that Rule 7001(1) does not
include pre-petition damages claims against a debtor, the Rule
does not expressly state that.  Further, because the claims
against the Debtors are based on the same facts and issues of law
that support the claims against Mr. Malhotra, the Court finds
that they should be heard together in this adversary proceeding
pursuant to Rule 7042.[7]

Similarly, the claims for equitable relief brought in Counts
III, IV, and V are based on the same facts and issues of law that
support the claims in Counts I and II.  For the reasons stated in
Parts 2 and 3 below, the equitable claims must be brought by
adversary proceeding.  Thus, the Court concludes that the claims
against the Debtors in Counts I and II should be consolidated
with the other claims in the Complaint under Rule 7042 and heard
in this adversary proceeding.  See, e.g., RS Legacy, 2017 WL

---

[6]   Rule 7001(1) provides in full that "a proceeding to recover
money or property, other than a proceeding to compel the debtor
to deliver property to the trustee, or a proceeding under §
554(b) or § 725 of the Code, Rule 2017, or Rule 6002" shall be
brought by an adversary proceeding.  Fed. R. Bankr. P. 7001(1).

[7]   Fed. R. Civ. P. 42, made applicable in adversary proceedings
by Rule 7042, allows the Court to consolidate matters that
involve a common question of law or fact.

3837294, at *3 (acknowledging adversary may be treated as informal proof of claim but dismissing it because it was filed after the bar date); Wilson v. Residential Cap. (In re Residential Cap.), Adv. Pro. No. 12-01936, 2014 WL 3057111, at *7 (Bankr. S.D.N.Y. July 7, 2014) (concluding that pre-petition damages claim included in adversary proceeding with request for equitable relief would be treated as an informal proof of claim).

### 2. Counts III & IV Claims for Equitable Relief

Count III's fraudulent inducement claim seeks rescission of the Lease Agreement, and Count IV's unjust enrichment claim seeks restitution for the improvement costs Allied incurred.  Under applicable state law both are claims for equitable relief.  See, e.g., Ex parte Montgomery Cnty. D.O.H.R, 10 So. 3d 31, 39 (Ala. Civ. App. 2008) (recognizing rescission as an equitable remedy); Avis Rent A Car Systems, Inc. v. Heilman, 876 So. 2d 1111, 1123 (Ala. 2003) (holding that unjust enrichment is an equitable remedy).

Pre-petition claims seeking equitable relief, such as restitution and unjust enrichment, are expressly required to be brought by adversary proceedings under Rule 7001.  Fed. R. Bankr. P. 7001(7) (adversaries include "a proceeding to obtain an injunction or other equitable relief").

The Debtors argue, however, that Allied's claims for equitable relief are improper because equitable relief is only appropriate where there is no remedy at law.  In this case, the Debtors note that Allied asserts such a legal claim for damages in Counts I and II.  Further, the Debtors contend that Allied's rescission and restitution claims themselves could result in a monetary award, and therefore, the actions are "claims" which must be pursued in the claims reconciliation process.  See 11 U.S.C. § 101(5) (defining claims to include "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment").  Thus, the Debtors contend that determining whether the adversary proceeding is proper hinges on whether the complaint asserts "claims" as defined in section 101(5).  If the causes of action assert "claims," then the Debtors argue that they cannot be brought in an adversary proceeding but must be brought by filing a proof of claim.

The Court disagrees with the Debtors' analysis.  The definition of claim in section 101(5) is not relevant to the determination of whether that claim can be brought in an adversary proceeding.  Rather, it is the language of Rule 7001 that is conclusive.  The express language of Rule 7001 provides that requests for equitable relief must be brought by adversary proceeding.  Fed. R. Bankr. P. 7001(7).

14

Further, the Court cannot at this stage of the proceedings dismiss Allied's equitable claims, because it cannot conclude whether Allied has an adequate remedy at law.  It is, therefore, proper for Allied to plead alternatively both a legal damages claim and claims for equitable relief.  In addition, the mere fact that Allied could receive a monetary award on some of those equitable claims does not transform those claims into legal claims.  Even though an equitable claim may result in a monetary award, courts have concluded that it is properly brought as an adversary proceeding.  See, e.g., Conn v. Dewey & LeBoeuf LLP (In re Dewey & LeBoeuf LLP), 487 B.R. 169, 176 (Bankr. S.D.N.Y. 2013) (concluding that WARN Act claims for unpaid pre-petition wages could be asserted by adversary proceeding because the claims sought restitution which is equitable relief); Watson v. TSC Global, Inc. (In re TSC Global, LLC), Adv. Proc. No. 12-50119, 2013 WL 6502168, *3 (Bankr. D. Del. June 26, 2013) (holding that WARN Act claim was an equitable claim even though the Plaintiffs sought to recover back pay).

Thus, the Court concludes that Counts III and IV are properly brought in this adversary proceeding under Rule 7001(7) and dismissal of them is not warranted.

3.    <u>Count V Claim for Declaratory Judgment</u>

In Count V, Allied seeks a declaratory judgment that Mr. Malhotra's indemnification rights are covered by the Debtors' director and officer insurance policies and that those policies are not property of the estate.

The Debtors argue that only declaratory relief which relates to one of the types of proceedings expressly listed in Rule 7001(1) - (8) is properly brought as an adversary proceeding under Rule 7001(9).  Fed. R. Bankr. P. 7001(9) ("a proceeding to obtain a declaratory judgment relating to any of the foregoing"). The Debtors argue that Count V's declaratory relief does not relate to any of the other provisions in Rule 7001.[8]

As the Court has held above, however, Counts I - IV are properly brought against Mr. Malhotra and the Debtors under Rule 7001(1) and (7).  The request for declaratory relief seeks a determination that the Debtors have an obligation to indemnify Mr. Malhotra for those other claims and that the Debtors' insurance covers those claims.  Thus, the Court concludes that the declaratory relief does relate to claims brought under Rule 7001(1) and (7).

---

[8]    The Debtors also argue that the request for declaratory relief ought to be brought by motion, without any citation.  In light of the express language of Rule 7001(9), the Court rejects this argument.

In addition, in seeking a determination that the insurance policies are not property of the estate, Count V clearly relates to an action under Rule 7001(2) which requires an adversary proceeding for an action to determine an interest in property. Thus, the Court concludes that Count V is expressly required to be brought by an adversary proceeding under Rule 7001(9).

B.    The Automatic Stay

The Debtors argue that Allied's adversary proceeding should be dismissed because it undermines the policy inherent in the automatic stay.  The Debtors note that "the automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors." In re Wedgewood Realty Group, Ltd., 878 F.2d 693, 696 (3d Cir. 1989) (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.C.C.A.N. 5787, 5840).

Section 362(a) of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . or to recover a claim against the debtor that arose before the commencement of the case . . . [or] any act to obtain possession of property of the estate . . . or to exercise control

over property of the estate." 11 U.S.C. § 362(a). The Debtors
contend that the filing of the adversary proceeding violates that
provision. See, e.g., In re Penny, 76 B.R. 160, 161 (Bankr. N.D.
Ca. 1987) (concluding that it was nonsense for creditor to
believe it could circumvent the automatic stay by filing an
adversary proceeding asserting a pre-petition claim).

Even if filing the adversary proceeding did not violate the
stay, the Debtors contend that the Court must still make a
determination whether relief from the stay would be appropriate
before allowing the litigation to proceed. In re Sciortino, 114
B.R. 423, 427 (Bankr. E.D. Pa. 1990). The Debtors assert that
Allied has failed to meet its burden of showing that cause exists
for lifting the automatic stay.

Allied argues that its adversary proceeding does not violate
the automatic stay because not only is the filing of its
adversary proceeding against the Debtors in the Debtors' home
bankruptcy court permitted, it is expressly required by Rule
7001.

The Court rejects the Debtors' arguments and concludes, as
have the majority of courts, that "the Code implicitly permits
the filing of suit in the bankruptcy court against a debtor
without violating the automatic stay." Nat'l City Bank v.
Lapides (In re Transcolor Corp.), 296 B.R. 343, 358 (Bankr. D.

18

Md. 2003) (holding that filing of adversary proceeding against
debtors did not violate automatic stay and collecting cases).
See also Civic Center Square, Inc. v. Roxford Foods, Inc. (In re
Roxford Foods, Inc.), 12 F.3d 875, 878 (9th Cir. 1993) (holding
that the automatic stay did not apply to suit commenced in the
bankruptcy court where the bankruptcy case was pending);
Cellceutix Corp. v. Nickless (In re Formatech, Inc.), 496 B.R.
26, 35 (Bankr. D. Mass. 2013) ("agree[ing] with the majority view
that the automatic stay does not prohibit the commencement of an
adversary proceeding against a debtor (or its trustee) in the
bankruptcy court"); Charan Trading Corp. v. Uni-Marts, LLC (In re
Uni-Marts, LLC), 399 B.R. 400, 418 (Bankr. D. Del. 2009) (holding
that adversary proceeding in home bankruptcy court did not
violate automatic stay and noting that it was akin to filing a
proof of claim).  Thus, the Court concludes that Allied's claims
in the adversary proceeding against the Debtors are not barred by
the automatic stay.

Further, there is no stay of the claims against Mr.
Malhotra.  The automatic stay only protects debtors, not non-
debtor parties.  Brown v. Jevic, 575 F.3d 322, 328 (3d Cir.
2009); McCartney v. Integra Nat. Bank N., 106 F.3d 506, 510 (3d
Cir. 1997).  It is true that some courts have extended section
362(a)'s protections to non-debtors in "unusual circumstances,"

19

such as where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." McCartney, 106 F.3d at 510 (quoting A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)). "Courts have also extended the stay to non-debtor third parties where stay protection is essential to the debtor's efforts of reorganization." McCartney, 106 F.3d at 510.

In this case, neither the Debtors nor Mr. Malhotra have established grounds for extension of the automatic stay to him. Accordingly, the automatic stay does not bar Allied's claims against Mr. Malhotra.

C.    Section 105 Stay

Lastly, the Debtors argue that even if the adversary proceeding is not dismissed or the automatic stay does not apply, the Court should stay it pursuant to section 105 to provide them with breathing room and to allow them to conserve precious resources. See In re Prewitt, 135 B.R. 641, 643 (9th Cir. B.A.P. 1992); In re Am. Spinning Mills, Inc., 43 B.R. 365, 367 (Bankr. E.D. Pa. 1984).

Allied argues that the adversary proceeding will not unduly strain the Debtors' resources as it is the only adversary

20

proceeding that has been filed against the Debtors.

Section 105 of the Bankruptcy Code states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code. However, section 105(a) has a limited scope. It does not 'create substantive rights that would otherwise be unavailable under the Bankruptcy Code.'" In re Continental Airlines, 203 F.3d 203, 211 (3d Cir. 2000) (quoting United States v. Pepperman, 976 F.2d 123, 131 (3d Cir. 1992)). Instead, the bankruptcy court's powers under section 105(a) can only be used in furtherance of other provisions of the Code. In re Joubert, 411 F.3d 452, 455 (3d Cir. 2005).

Generally, courts apply the traditional preliminary injunction test when deciding whether to issue an injunction pursuant to section 105(a). Wedgewood, 878 F.2d at 700-01; In re W.R. Grace & Co., 412 B.R. 657, 665 (D. Del. 2009). Thus, to obtain injunctive relief under section 105, the Debtors bear the burden of showing a "substantial likelihood of success on the merits, irreparable harm to the movant, harm to the movant outweighs harm to the nonmovant, and injunctive relief would not

violate public interest." <u>Wedgewood</u>, 878 F.2d at 701.

An action to obtain equitable relief, including an injunction, generally requires an adversary proceeding. Fed. R. Bankr. P. 7001(7). <u>See, e.g.</u>, <u>Residential Cap.</u>, 480 B.R. at 538 (stating that debtor must pursue section 105 injunction staying actions against non-debtors through an adversary proceeding); <u>In re Irwin</u>, 457 B.R. 413, 423 n.21 (Bankr. E.D. Pa. 2011) (noting an extension of the automatic stay by a section 105 injunction requires the initiation of an adversary proceeding); <u>In re The Fairchild Corp.</u>, Bankr. No. 09-10899, 2009 WL 4546581, at *7 (Bankr. D. Del. Dec. 1, 2009) (stating that entry of injunctive relief requires initiation of an adversary proceeding). Where an adversary proceeding has already been commenced, however, injunctive relief in that proceeding can be sought by motion. <u>See</u> Fed. R. Bankr. P. 7065 (incorporating Fed. R. Civ. P. 65, which allows motions for preliminary injunctions in civil actions).

In this case, however, the Debtors did not even file a motion for an injunction; they simply included a request for a stay of the action in their briefs in support of their motion to dismiss. (D.I. 5 at ¶¶ 34-37; D.I. 18 at ¶¶ 25-29.) The request to extend the stay to Mr. Malhotra was contained in a footnote in their briefs. (D.I. 5 at n.5; D.I. 18 at n.7.) This is

procedurally improper.  <u>See, e.g.,</u> <u>Fairchild Corp.</u>, 2009 WL
4546581, at *7 (denying debtor's request for extension of the
stay contained in its response to motion for determination of
extent of the automatic stay as improper because such relief can
only be obtained by filing an adversary proceeding).  Therefore,
the Court will not consider that request.


V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny the
Defendants' Motion to Dismiss.

An appropriate Order is attached.


Dated: October 7, 2020              BY THE COURT:


                                    Mary F. Walrath
                                    United States Bankruptcy Judge

23