# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FOREVER 21, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12122 (MFW)<br><br>(Jointly Administered) |
| ALLIED DEVELOPMENT OF ALABAMA LLC,<br>Plaintiff,<br><br>v.<br><br>FOREVER 21, INC., *et al.*, *and* JATIN MALHOTRA,<br>Defendants. | Adv. Pro. No. 19-50897 (MFW)<br><br>**Re: Docket No. 1** |

## ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND RELATED RELIEF

Defendant Jatin Malhotra (the "Defendant"), by and through his undersigned counsel, hereby answers and otherwise responds to the *Adversary Complaint for Damages, Declaratory Relief, and Related Relief* (the "Complaint), dated November 22, 2019, filed by plaintiff, Allied Development of Alabama, LLC ("Plaintiff"). The Defendant hereby responds to the individually numbered paragraphs of the Complaint as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

## PARTIES

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies each allegation set forth therein.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore denies each allegation set forth therein.

3.     Defendant admits that he is the former Vice President of Real Estate of Forever 21, Inc. and the current Chief Executive Officer of Zenith Global Advisors, Inc., a Delaware Corporation.  Defendant denies the remaining allegations set forth in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.     Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  To the extent that paragraph 4 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

5.     Paragraph 5 of the Complaint states a legal conclusion to which no response is required.  To the extent that paragraph 5 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

6.     Defendant denies that the claims against Defendant are core claims.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint, and therefore denies each remaining allegation set forth therein.  Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## FACTUAL ALLEGATIONS

7.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies each allegation set forth therein.

8.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies each allegation set forth therein.

9.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies each allegation set forth therein.

10. Defendant admits to responding to an email from David Mott relating to a commercial proposal at Plaintiff's retail Center (the "Eastern Shore Center"). Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, including the allegations contained in footnote 2, and therefore denies the remaining allegations set forth therein.

11. Defendant admits to engaging in multiple communications with David Mott regarding a potential lease at the Eastern Shore Center. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint, including the allegations contained in footnote 3, and therefore denies the remaining allegations set forth therein.

12. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies each allegation set forth therein.

IMPAC 6918561v.4

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, including the allegations contained in footnote 4, and therefore denies each allegation set forth therein.

14. Defendant denies the allegations that he told anyone that the Forever 21 store located in Mobile, Alabama generated $6 million in gross annual sales during 2017. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and therefore denies each remaining allegation set forth therein.

15. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies each allegation set forth therein.

16. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies each allegation set forth therein.

17. To the extent the allegations of paragraph 17, including the allegations contained in footnote 5, purport to characterize or describe the lease agreement (the "Lease Agreement"), that document speaks for itself and Defendant denies the allegations to that extent. To the extent a further response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, including the allegations contained in footnote 5, and therefore denies each allegation set forth therein.

18. To the extent the allegations of paragraph 18, including the allegations contained in footnote 6, purport to characterize or describe the Lease Agreement, that document speaks for itself and Defendant denies the allegations to that extent. To the extent a further response is

required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, including the allegations contained in footnote 6, and therefore denies each allegation set forth therein.

19. To the extent the allegations of paragraph 19, including the allegations contained in footnote 7, purport to characterize or describe the Lease Agreement, that document speaks for itself and Defendant denies the allegations to that extent. To the extent a further response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, including the allegations contained in footnote 7, and therefore denies each allegation set forth therein.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies each allegation set forth therein.

21. To the extent the allegations of paragraph 21, including the allegations contained in footnote 8, purport to characterize or describe the Lease Agreement, that document speaks for itself and Defendant denies the allegations to that extent. To the extent a further response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, including the allegations contained in footnote 8, and therefore denies each allegation set forth therein.

22. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, including the allegations contained in footnote 9, and therefore denies each allegation set forth therein.

IMPAC 6918561v.4

23. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies each allegation set forth therein.

24. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies each allegation set forth therein.

25. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore denies each allegation set forth therein.

26. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies each allegation set forth therein.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 30 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

28. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies each allegation set forth therein.

29. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, including the allegations contained in footnote 10, and therefore denies each allegation set forth therein.

IMPAC 6918561v.4

30. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies each allegation set forth therein.

31. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, including the allegations contained in footnote 11, and therefore denies each allegation set forth therein.

32. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, including the allegations contained in footnote 12, and therefore denies each allegation set forth therein.

## COUNT I
### (Fraud in the Inducement against Jatin Malhotra and the Debtors)

33. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 32 above as though fully set forth herein.

34. Defendant denies each and every allegation set forth in Paragraph 34 of the Complaint.

35. Defendant denies each and every allegation set forth in Paragraph 35 of the Complaint.

36. Defendant denies each and every allegation set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 37 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

IMPAC 6918561v.4

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 38 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

39. Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint.

## COUNT II
**(Negligent Misrepresentation against Jatin Malhotra and the Debtors)**

40. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 39 above as though fully set forth herein.

41. Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint.

43. Defendant denies each and every allegation set forth in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 44 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

45. Paragraph 45 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 45 of the Complaint contains any factual allegations against

Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

46. Defendant denies each and every allegation set forth in Paragraph 46 of the Complaint.

## **COUNT III**
**(Rescission of the Lease Agreement)**

47. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 46 above as though fully set forth herein.

48. Defendant denies each and every allegation set forth in Paragraph 48 of the Complaint.

49. Defendant denies each and every allegation set forth in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation set forth in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 51 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

52. Defendant denies each and every allegation set forth in Paragraph 52 of the Complaint.

53. Defendant denies each and every allegation set forth in Paragraph 53 of the Complaint.

54. Paragraph 54 does not require Defendant to admit or deny any fact. To the extent a further response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

### COUNT IV
**(Unjust Enrichment against the Debtors)**

55. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 54 above as though fully set forth herein.

56. Defendant denies each and every allegation set forth in Paragraph 50 of the Complaint.

57. Defendant denies each and every allegation set forth in Paragraph 57 of the Complaint.

58. Defendant denies each and every allegation set forth in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 59 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

60. Defendant denies each and every allegation set forth in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 61 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

62. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, and therefore denies each allegation set forth therein.

63. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and therefore denies each allegation set forth therein.

64. Paragraph 64 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 64 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

65. Paragraph 65 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 65 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

## COUNT V
**(Declaratory Relief)**

66. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 65 above as though fully set forth herein.

67. Admitted.

68. Admitted.

69. Paragraph 69 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 69 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

70. Paragraph 70 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 70 of the Complaint contains any factual allegations against Defendant, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies each allegation set forth therein.

## DENIAL OF ALL ALLEGATIONS NOT EXPRESSLY ADMITTED

The Defendant denies all allegations contained in the Complaint that are not expressly admitted above.

## DEFENSES

Defendant sets forth the following defenses. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff. Defendant reserves the right to assert and rely upon additional applicable defenses that may become available or apparent during discovery or any pretrial proceedings in this matter.

### First Defense

71. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

72. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's unclean hands.

### Third Defense

73. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Defense

74. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Defense

75.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, ratification, and/or acquiescence.

### Sixth Defense

76.     Plaintiff's claims are barred because any damages suffered are the result of its own misconduct, negligence, or contributory negligence.

### Seventh Defense

77.     Plaintiff's claims are barred, in whole or in part, by the provision of any and all applicable statutes of limitations.

### Eighth Defense

78.     There are no allegations against Defendant stated with sufficient particularity to constitute a cause of action for fraud, fraudulent concealment, fraudulent inducement, negligent misrepresentation, concert of action, conspiracy, or the like that meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

### Ninth Defense

79.     Plaintiff's claims are barred because Defendant acted in good faith or without the requisite scienter.

### Tenth Defense

80.     Plaintiff has failed to mitigate its damages, to the extent it has any.

### Eleventh Defense

81.     Plaintiff's claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative and uncertain.

IMPAC 6918561v.4

**Twelfth Defense**

82.   Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint.

**Thirteenth Defense**

83.   Defendant denies that he knowingly or with reckless disregard for falsity made misrepresentations of material fact to Plaintiff with the intention of inducing Plaintiff to act in reliance upon such representations.

**Fourteenth Defense**

84.   Plaintiff's claims that Plaintiff reasonably relied upon any alleged representations from the Defendant are barred by Article 35 of the Lease Agreement.

**RESERVATION OF RIGHTS**

The Defendant reserves the right to assert additional defenses based upon further investigation or discovery.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, having fully responded to the Complaint, the Defendant prays as follows: (a) that he have judgment in his favor against the Plaintiff; (b) that all costs of this action be taxed against the Plaintiff; and (c) that he be awarded such other and further relief as the Court deems just and proper under the circumstances.

Dated: November 10, 2020
       Wilmington, Delaware

*/s/ R. Stephen McNeill*
L. Katherine Good (No. 5101)
R. Stephen McNeill (No. 5210)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email:  kgood@potteranderson.com
            rmcneill@potteranderson.com

*Counsel for Defendant Jatin Malhotra*